# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ENVIRONMENTAL PROTECTION
INFORMATION CENTER; FOREST
ISSUES GROUP,
              *Plaintiffs-Appellants,*

                    v.

UNITED STATES FOREST SERVICE,
              *Defendant-Appellee.*

No. 04-15512

D.C. No.
CV-03-00449-SC

OPINION

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted
November 17, 2005—San Francisco, California

Filed December 19, 2005

Before: Jerome Farris, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Farris

16591

**COUNSEL**

Brian Gaffney, Oakland, California, for the plaintiffs-appellants.

Chinhayi J. Coleman, Assistant United States Attorney, San Francisco, California, for the defendant-appellee.

Bonne W. Beavers, Spokane, Washington, for amici curiae The Selkirk Conservation Alliance and The Lands Council.

## OPINION

FARRIS, Circuit Judge:

### I.   Introduction

Environmental Protection Information Center and Forest Issues Group appeal the order of the district court granting summary judgment to the United States Forest Service on their claim that the Forest Service wrongfully denied them waivers of fees under the Freedom of Information Act, 5 U.S.C. § 552, for procurement of Geospatial Information Systems data records. The district court held that 7 U.S.C. § 1387, which allows the Secretary of Agriculture to set fees for GIS data, satisfies an exception to FOIA as "a statute specifically providing for setting the level of fees for particular types of records," 5 U.S.C. § 552(a)(4)(A)(vi). We REVERSE, concluding that the Office of Management and Budget, the agency responsible for promulgating FOIA guidelines, has clarified that only statutes setting mandatory fees, rather than statutes setting discretionary ones, meet the FOIA exception.

### II.   Procedural and Factual Background

Between July 1, 2002 and December 4, 2002, Appellants sent four letters to the Forest Service requesting information about timber sales. In each letter, Appellants asserted they were eligible for a waiver of normal FOIA fees under § 552(a)(4)(A)(iii), which states that fees shall be waived or

reduced if disclosure is in the public interest and is not primarily in the commercial interest of the requester. They supported this assertion with an analysis of their compliance with the six-factor test for eligibility set forth in 7 C.F.R. Subtitle A, Part 1, Subpart A, App. A, § 6(a)(1), as well as with additional language used by the Forest Service in previous responses to FOIA requests. Each letter included a request for Forest Service GIS files. GIS is "a computer system capable of assembling, storing, manipulating, and displaying geographically referenced information." *County of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 186 n.4 (2d Cir. 2001). According to Amici Curiae The Selkirk Conservation Alliance and The Lands Council, "[t]he compilation and storage of GIS data is complex and costly, yet its use is vital in the field of natural resource management and its oversight."

The Forest Service provided most of the requested information without charge, finding that the organizations met the requirements of FOIA, but stated that GIS data would not be released until the requesters paid a fee. The fees varied from $56 to $350. Amicus Lands Council states that its fees totaled $4,000. The letter from the Forest Service to FIG stated:

> FOIA requests for geospatial data no longer fall under the normal FOIA fee schedule. Instead, this category of FOIA requests is charged fees according to FSM 7149.05 (Geometronics) . . . . Consequently, fee waiver requests are not relevant for digital data.

The Forest Service responded to each of EPIC's requests:

> GIS data, while considered Forest Service "records" under FOIA, falls into the same category as maps, and, as such, the Forest Service is entitled to reimbursement for the costs incurred to produce them. As stated in Forest Service Manual 7140-1, "*The authority to sell maps and reimburse the appropriation(s) charged for the cost of furnishing maps is set*

*forth in 7 U.S.C. 1387. The statute authorizes the Secretary [of Agriculture] to sell maps at not less than the estimated cost.*"

(Alteration in original.)

Appellants appealed the Forest Service's fee waiver denial, but the Forest Service did not respond until after this suit was filed. On February 3, 2003, Appellants filed their complaint in district court. The complaint listed three causes of action, but only the first, for improper denial of a fee waiver, is at issue in this appeal. The district court granted summary judgment to the Forest Service.

## III.   Standard of Review

Although this case is on appeal from a grant of summary judgment, the standard of review is not simply de novo. In a FOIA case, we will overturn the district court's factual findings underlying its decision only for clear error. After giving deference to such factual findings, we then review de novo whether a particular FOIA exemption applies.

*Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1088 (9th Cir. 2002) (citations omitted); *see also* 5 U.S.C. § 552(a)(4)(A)(vii). "On judicial review, we cannot consider new reasons offered by the agency not raised in the denial letter." *Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997); *see also* 5 U.S.C. § 552(a)(4)(A)(vii).

FOIA " 'is to be liberally construed in favor of waivers for noncommercial requesters.' " *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987) (quoting 132 Cong. Rec. S14298 (Sept. 30, 1986) (Sen. Leahy)).

FOIA calls for the Office of Management and Budget to promulgate guidelines for agencies to follow. 5 U.S.C. § 552(a)(4)(A)(i).[1] Courts should grant deference to the guidelines promulgated by the Office of Management and Budget pursuant to FOIA's statutory scheme. *See Maydak v. United States*, 363 F.3d 512, 518 (D.C. Cir. 2004) (granting deference to guidelines of Office of Management and Budget promulgated pursuant to Privacy Act); *Albright v. United States*, 631 F.2d 915, 919 n.5 (D.C. Cir. 1980) (same, and noting that Office of Management and Budget "guidelines are owed the deference usually accorded interpretation of a statute by the agency charged with its administration, particularly when, as here, the regulation involves a contemporaneous construction of a statute by the (persons) charged with the responsibility of setting its machinery in motion" (alteration in original) (citation omitted)).

An agency's interpretation of statutes within its authority is entitled to deference. *See Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 125 S. Ct. 2688, 2699 (2005) ("If a statute is ambiguous, and if the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44, & n.11 (1984))). Thus, we give deference to the Office of Management and Budget's interpretation of FOIA and the Forest Service's interpretation of Section 1387.

_____

[1]Section (a)(4)(A)(i) provides: "In order to carry out the provisions of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced. Such schedule shall conform to the guidelines which shall be promulgated, pursuant to notice and receipt of public comment, by the Director of the Office of Management and Budget and which shall provide for a uniform schedule of fees for all agencies."

## IV.  Discussion

We turn first to the statutes to determine whether it is unambiguous that Section 1387 provides an exception to the fee waiver provision of FOIA, obviating the need to look to agency guidance. It is not.

**[1]** The FOIA exception, 5 U.S.C. § 552(a)(4)(A)(vi), states: "Nothing in this subparagraph shall supersede fees chargeable under a statute specifically providing for setting the level of fees for particular types of records." Section 1387 states:

> The Secretary may furnish reproductions of information such as geo-referenced data from all sources . . . at the estimated cost of furnishing such reproductions, and to persons other than farmers at such prices as the Secretary may determine (but not less than the estimated costs of data processing, updating, revising, reformatting, repackaging and furnishing the reproductions and information) . . . . This section shall not affect the power of the Secretary to make other disposition of such or similar materials under any other provisions of existing law.

The Forest Service argues that the FOIA exception applies to any statute that allows an agency to charge fees for its material. It notes that it has interpreted Section 1387 to give it discretion whether to charge fees. Appellants, on the other hand, argue that the plain meaning of the FOIA exception, that fees be "chargeable under a statute specifically providing for setting the level of fees," is that the statute must require, not merely permit, fees to be set.

**[2]** We conclude that the FOIA exception set forth in § 552(a)(4)(A)(vi) is ambiguous. The phrase "specifically providing for setting" would seem to indicate that the agency must be required to do something; however, it is not clear

whether that something is to decide whether or not to set fees, or to set fees, with some discretion as to the amount.

**[3]** Having determined that the FOIA exception is ambiguous, we look to the Office of Management and Budget's guidelines. The Office of Management and Budget has interpreted § 552(a)(4)(A)(vi) to apply only when a statute mandates that fees be imposed. "Fee Schedule and Guidelines," 52 Fed. Reg. 10017, states:

> 6.  *Definitions—*
>
> . . .
>
> b.    A "statute specifically providing for setting the level of fees for particular types of records" (5 U.S.C. 552(a)(4)(A)(vi)) means any statute that specifically requires a government agency . . . to set the level of fees for particular types of records . . . . Statutes, such as the User Fee Statute, which only provide a general discussion of fees without explicitly requiring that an agency set and collect fees for particular documents do not supersede the Freedom of Information Act under section (a)(4)(A)(vi) of that statute.

"Section-by-Section Analysis," 52 Fed. Reg. 10012, states:

> Our guidance makes it clear that a qualifying statute must require, not merely permit, an agency to establish fees for particular documents.

**[4]** While Section 1387 allows the Secretary to charge fees for furnishing reproductions of GIS data, it is not mandatory, providing: "This section shall not affect the power of the Secretary to make other disposition of such or similar materials under any other provisions of existing law." As the Forest Service argues, this language gives the Secretary the discre-

tion to make other disposition of the materials, such as without charge when the conditions of FOIA are met.

**[5]** The Office of Management and Budget's interpretation of FOIA is entitled to greater deference than the Forest Service's, since the Office has authority to issue guidelines pursuant to FOIA. *See Albright*, 631 F.2d at 919, 919 n.5 (relying on Office of Management and Budget's interpretation of Privacy Act in holding that Department of Health, Education, and Welfare decision to videotape employee meeting violated the Privacy Act); *Maydak*, 363 F.3d at 518 (deferring to Office of Management and Budget guidelines in holding that system of storing photographs by Bureau of Prisons may constitute "system of records" pursuant to Privacy Act).

We recognize that this result may be at odds with *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172 (D.C. Cir. 1996), which held that a similar statute that provided for discretionary fees came within subsection (vi). *See id. at* 1177. However, it appears that the Office of Management and Budget's guidelines were not before, and were not considered by, the *Oglesby* court.

The judgment of the district court is REVERSED and the case is REMANDED to the district court with directions to further remand the matter to the Forest Service for action in conformance with this opinion.