
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS CARUSO, | No. 11-35496 |
| Plaintiff - Appellee, | D.C. No. 6:10-cv-06026-HO |
| v. | |
| U.S. BUREAU OF ALCOHOL, TOBACCO & FIREARMS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 13, 2012
Portland, Oregon

Before: B. FLETCHER and PREGERSON, Circuit Judges, and MARSHALL, Senior District Judge.**

Defendant-Appellant the Bureau of Alcohol, Tobacco, and Firearms

("ATF") appeals the district court's grant of summary judgment in favor of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for Central California, sitting by designation.

Plaintiff-Appellee Louis Caruso ("Caruso") in an action brought under the Freedom of Information Act ("FOIA"). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

Caruso is the former owner of Valiant Firearms ("Valiant"), located in Cottage Grove, Oregon. Caruso previously owned Valiant with his wife Carol Caruso. Through the instant FOIA action, Caruso seeks: (1) "[acquisition and disposition] books pertaining to Valiant Firearms; (2) all federal 4473 seller firearms forms pertaining to himself or to Valiant Firearms; (3) all [National Firearms Act] forms 3 and 4, detailing transfer of machine guns pertaining either to himself or to Valiant Firearms; and (4) any and all gunsmith books detailing weapons submitted, traded or exchanged for repairs pertaining either to himself or to Valiant Firearms."

The ATF failed to timely respond to Caruso's FOIA request. Caruso then brought suit in the Oregon federal district court to compel disclosure of the records he seeks. The district court, ruling on grounds not briefed by the parties, found that the ATF is compelled to disclose documents to Caruso based on the provisions of 18 U.S.C. § 923(g)(1)(D). The ATF's Motion for Reconsideration of the district court's order was granted but ultimately rejected on its merits. ATF timely appealed.

2

This court reviews interpretations of FOIA de novo. *See TPS, Inc. v.U.S. Dep't of Def.*, 330 F.3d 1191, 1194 (9th Cir. 2003). Whether an exemption applies is a question of law reviewed de novo. *See Envtl. Prot. Info. Ctr. v. U.S. Forest Serv.*, 432 F.3d 945, 947 (9th Cir. 2005). Moreover, in reviewing a grant of summary judgment in a FOIA action, this court will "overturn the district court's factual findings underlying its decision only for clear error." *See Envtl. Prot. Info. Ctr.*, 432 F.3d at 947.

First, in finding that the ATF must provide to Caruso his requested documents, the district court relied on 18 U.S.C. § 923(g)(D). In doing so the district court erred. Section 923(g)(D) states in relevant part that "[i]f the Attorney General seizes [records or other documents other than those records or documents constituting material evidence of a violation of law], copies shall be provided [to] the licensee within a reasonable time." The record, however, does not support a finding that Caruso was a federal firearms licensee when the ATF received Valiant's firearm records or that a seizure of those documents had taken place. Therefore, there is not an adequate factual basis supporting the district court's use of § 923(g)(D) to compel the ATF's disclosure of documents to Caruso. Thus, the district court committed reversible error in compelling the ATF to disclose documents to Caruso based on 18 U.S.C. § 923(g)(D).

3

Second, the ATF contends that its disclosure of Caruso's records is barred by FOIA Exemption 3. FOIA Exemption 3 states that records "specifically exempted from disclosure by statute" are prohibited from disclosure under FOIA. 5 U.S.C. § 552(b)(3). "Under exemption 3, the government must show that the statute on which it relies qualifies as an exempting statute and that the material being withheld falls within the exempting statute's coverage." *Cal-Almond v. U.S.D.A.,* 960 F.2d 105, 108 (9th Cir. 1992).

In this instance, the ATF correctly relied on the Appropriations Act of 2010 as a withholding statute explicitly barring disclosure under FOIA Exemption 3. The Appropriations Act specifically states that no funds appropriated under the Act "may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the [ATF] *or any information required to be kept by licensees pursuant to section 923(g) . . . and all such data shall be immune from legal process . . . ."* Pub. L. No. 111-117, 123 Stat. 3034, 3128-29 (2009) (emphasis added). Here, Caruso seeks copies of the acquisition and disposition books pertaining to Valiant, federal firearms forms pertaining to Valiant and/or Caruso, and gunsmith books detailing weapons submitted, traded, or exchanged for repairs pertaining to Valiant or Caruso. These items are required to be kept by a federal firearms licensee per 923(g). *See* 18 U.S.C. § 923(g)(1)(A).

4

The Appropriations Act explicitly bars the ATF from disclosing any information required to be kept by licensees under this section.  In sum, the information Caruso seeks squarely falls under the statutory language of the Appropriations Act and within the scope of Exemption 3.  For these reasons, the ATF is not compelled to disclose any further documents to Caruso.

We have carefully considered the other arguments presented by Caruso and find that they lack merit.

**REVERSED and REMANDED.**